UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NATHAN E. JACOBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:17-cv-0129-WTL-MJD |
| ) | |
| S. JULIAN, Assistant Warden, ) | |
| MR. BONHAM, Chaplain, ) | |
| D. SWEENEY, Unit Manager, ) | |
| ) | |
| Defendants. ) | |

Entry Discussing Complaint, Dismissing Insufficient Claims, and Directing Further Proceedings

**I.**

Plaintiff Nathan Jacobs, an inmate at the United States Penitentiary in Terre Haute, Indiana ("USP-TH"), alleges in his complaint that the defendants violated his rights because they failed to allow him to participate in certain programs within the Bureau of Prisons. Mr. Jacobs has named as defendants: 1) S. Julian, Assistant Warden, USP-TH; 2) Mr. Bonham, Chaplain; and, 3) D. Sweeney, Unit Manager. He seeks the arrest of these individuals as damages.

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Alvarado v. Litscher*, 267 F.3d 648, 650 (7th Cir. 2001).

To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(citing *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal quotations omitted). *Pro se* complaints are construed liberally and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation omitted); *see also Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.

"Relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), or by a suit against the United States under the Federal Tort Claims Act [FTCA] . . . which permits claims based upon misconduct which is tortious under state law, 28 U.S.C. § § 1346(6), 2680." *Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985).

The complaint can be understood to allege a *Bivens* claim against the individual defendants. *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers. . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005); *see also Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995)(noting that "the effect of *Bivens* was to create a remedy against federal officers acting under color of federal law that was analogous to the Section 1983 action against state officials").

Here, the plaintiff alleges the defendants' refusal to allow him to participate in particular Bureau of Prison program violated his constitutional rights pursuant to the First, Fourth, Fifth,

Ninth, and Fourteenth Amendments. Based on these allegations, the only possible violation could be under the Due Process Clause of the Fourteenth Amendment.

However, nothing in the conduct attributed to the defendants based on the allegations set forth in the complaint violated any of the plaintiff's federally secured rights. He had no due process or other right to participation in a prison program he describes in the complaint. *See*, e.g., *Higgason v. Farley*, 83 F.3d 807, 809-810 (7th Cir. 1996) (the denial of access to educational programs does not infringe on a protected liberty interest, even if denied the opportunity to earn good time credits); *Garza v. Miller*, 688 F.2d 480, 485-86 (7th Cir. 1982) (there is no constitutional mandate that prisons must provide rehabilitative programs). As the Supreme Court explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)(quoting *Twombly,* 550 U.S. at 555 & 557).

Moreover, the fact that the plaintiff seeks the arrest of the defendants as a remedy for the alleged constitutional violations implies the initiation of criminal proceedings. The plaintiff may not use this civil action to commence criminal charges against the defendants. Only the United States may commence federal criminal charges and a private individual has no right to compel such a prosecution. *See Leeke v. Timmerman*, 454 U.S. 83 (1981) (holding that inmates lacked standing to force issuance of arrest warrants of correctional officers for beatings); *Ragsdale v. Turnock*, 941 F.2d 501, 509 (7th Cir. 1991) (private persons generally have no right to enforce criminal statutes or to sue under them unless the statute also creates a private right of action. (Posner, J., concurring), *cert denied*, 502 U.S. 1035 (1992).

The plaintiff has **through May 15, 2017,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

The defendants' motion to dismiss, dkt. [4], is **denied**.

**IT IS SO ORDERED**.

Date: 4/13/17

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

NATHAN E. JACOBS
29900-039
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov